**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL ANTHONY SAMORA

        Plaintiff,

vs.                                                                                                                        No. CIV 07-0200 JB/RHS

LIANE E. KERR, LLC,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court, sua sponte under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff Michael Anthony Samora's civil rights Complaint. Samora is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Samora will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Samora's financial status, the Court finds that Samora is unable to pay an initial partial payment pursuant to § 1915(b)(1). The Court will grant the IFP motion and, for the reasons stated below, will dismiss Samora's Complaint.

The Court has the discretion to dismiss an IFP compliant sua sponte under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint sua sponte under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(quoting McKinney v. Oklahoma, Dep't of Human Servs., 925 F.2d 363,

365 (10th Cir. 1991)). In reviewing Samora's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In his Complaint, Samora asserts claims against Defendant Liane E. Kerr, LLC, which represented Samora in a state criminal prosecution. Samora alleges that Kerr filed a motion for evaluation by a forensic psychologist, ignored his pro se habeas corpus petitions, and failed to secure a speedy trial. He contends that Kerr's actions violated a number of his constitutional rights. The Complaint seeks damages and certain equitable relief. Samora's allegations fail to state claims, however, on which the Court may grant relief against Kerr.

A complaint under 42 U.S.C. § 1983 must allege facts demonstrating the two elements of the statute: (i) a federal right was violated; and (ii) a person acting "under color of state law" caused the deprivation. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); Houston v. Reich, 932 F.2d 883, 890 (10th Cir. 1991). In the absence of a factual basis for either element, a complaint does not state a claim under § 1983. See Baker v. McCollan, 443 U.S. 137, 140 (1979)(stating that a civil rights complaint must allege a violation of a federally protected right); Polk County v. Dodson, 454 U.S. 312, 316 (1981)(noting that plaintiff must allege that a person acting under color of state law committed a violation). A private attorney undertaking a defense does not act under color of state law for purposes of § 1983. See Lemmons v. Law Firm of Morris and Morris, 39 F.3d 264, 266 (10th Cir. 1994); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983). Samora's § 1983 claim thus fails.

Similarly, Samora's 28 U.S.C. § 1343(a)(3) claim fails. Section 1343(a)(3) exists to redress the deprivation, under color of state law, of any constitutionally or federal statutorily secured right,

privilege, or immunity providing equal rights.  See 28 U.S.C. § 1343(a)(3).  Because a private attorney undertaking a defense does not act under color of state law, Samora's allegations do not state a claim under 28 U.S.C. § 1343(a)(3).

Samora's 42 U.S.C. § 1985 claim is also insufficient.  The elements of a § 1985 claim are: (i) a conspiracy; (ii) to deprive the plaintiff of equal protection or equal privileges and immunities; (iii) an act in furtherance of the conspiracy; and (iv) an injury or deprivation resulting therefrom.  See Babbar v. Ebadi, No. 99-3040, 2000 WL 70248, at *8 (10th Cir. 2000).  Samora does not adequately allege a conspiracy -- he fails to allege an agreement, concerted action, or the existence of a discriminatory motive.  See id. (setting forth the elements of conspiracy for § 1985 purposes).  As such, Samora does not establish a claim on which relief can be granted under § 1985.

Samora's 42 U.S.C. § 2000a-2 claim fails also.  Section 2000a-2 makes it unlawful for a person to withhold, deny, or attempt to withhold or deny any person his or her right to be free from state sanctioned discrimination and segregation.  In his Complaint, Samora does not explain how Kerr's representation of him involved discrimination or segregation.  Samora's Complaint also does not identify a state law purportedly requiring or authorizing discrimination or segregation.  Samora therefore fails to allege the necessary elements of a § 2000a-2 claim.

Finally, Samora seeks relief under 42 U.S.C. § 1988.  Section 1988 provides for the awarding of attorney's fees and costs to the prevailing party in a civil rights action.  Because there is no prevailing party in this case, § 1988 is inapplicable.  Moreover, § 1988 does not provide a substantive basis for a civil rights action.

Considering the above, the Court finds that Samora does not state a claim on which relief can be granted.  Accordingly, the Court will dismiss Samora's Complaint.  See Steele v. Fed. Bureau of

Prisons, 355 F.3d 1204, 1215 (10th Cir. 2003)(Hartz, J., concurring)("[D]ismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court.").

**IT IS THEREFORE ORDERED** that Samora's motion for leave to proceed pursuant to U.S.C. § 1915(Doc. 2) is granted, and the initial partial payment is waived;

**IT IS FURTHER ORDERED** that Samora must make monthly payments of twenty percent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated fee. The Clerk shall provide Samora with two copies of the post-filing financial certificate, and Samora is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

**IT IS FURTHER ORDERED** that Samora's Complaint is dismissed with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE